# RUSSELL & CO.

*v.*

# HENNA.

San Juan, Equity, No. 970.

**CORPORATE OWNERSHIP OF OVER 500 ACRES IN PORTO RICO.**

Ownership of More than 500 Acres—Collateral Attack.
> The joint resolution of Congress of May 1, 1900, forbidding agricultural concerns to own more than 500 acres of land, cannot be taken advantage of in an answer, but requires special pleading.

Opinion filed January 25, 1918.

*Mr. O. B. Frazer* solicitor for plaintiff.

*Mr. Chas. Hartzell* solicitor for defendants.

*Mr. H. L. Kern,* Attorney General, solicitor for intervener.

Russell & Co. v. Henna.

HAMILTON, Judge, delivered the following opinion:

This cause comes up upon a motion by the plaintiff to strike out so much of the answer of the intervener, the people of Porto Rico, as alleges that the plaintiff is merely a nominal agent for the South Porto Rico Sugar Company, an agricultural corporation, which owns more than 500 acres of land, in that the bill therein contravenes the Joint Resolution of Congress approved May 1, 1900, on that subject.

The main point of that part of the answer attacked by the motion has already been decided by the court in this case on August 6, 1917, wherein it is held that the point raised in the answer cannot be raised collaterally, but must be the ground of some direct attack upon the title of the lands alleged to be held ultra vires.

The only new question on the present motion is as to whether such an attack is properly made in an answer filed "as a separate and distinct defense." It might be that in a proper case the defendant might show the plaintiff did not own the lands, and therefore could not seek relief in equity in regard to them. It does not seem, however, that this is applicable to the case at bar, because the joint resolution does not in terms nullify the title to lands. It says only that "every corporation hereafter authorized to engage in agriculture shall by its charter be restricted to the ownership and control of not to exceed 500 acres of land." Whether there could be a cross complaint aiming first to cancel or avoid deeds to excess lands and then defeat the bill need not be decided. It might well be that in such case, in order to do full justice, the court would have to go further than merely declaring the plaintiff not the owner,

and that the grantors of the land would have to be made parties before such conveyances could be declared void. This might bring in several or many other parties, which might not be allowable under the rules of pleading, inasmuch as they would have nothing to do with the main object of the bill, their interests not "arising out of the transaction which is the subject-matter of the suit." Equity rule 30. However, the case is not presented in this aspect. There is a mere answer, not a cross complaint, although it contains a prayer asking the court to "grant such affirmative relief as to this Honorable Court may seem just and equitable." The court could not undertake, under such general allegations, to determine what relief, if any, would be proper, even if the answer was in a different shape.

It follows, therefore, that the motion must be granted; and so much of the answer as is headed "a separate and distinct defense," being the second half of the answer so filed, must be stricken from the files.

It is so ordered.